JOHN B. WEBSTER CO., et al., Respondents, v. GROSSMAN et al., Appellants.

(146 N. W. 565.)

1. **Appeal—Error Not Affecting Result—Statute—Instructions.**

   Under Laws 1913, Ch. 178, requiring disregard of non-prejudicial error, held, that the rulings of the trial court in allowing plaintiff the opening of the case on the evidence, and in the giving of instructions, were not prejudicial, where the answer conceded a prima facie cause of action in plaintiff, and defendants' testimony constituted no affirmative defense.

2. **Landlord and Tenant—Action for Rent—Defenses—Burden of Proof—Opening of Case.**

   In an action for rent of leased premises, where the answer, after admitting the lease and non-payment of rent during the term, alleged surrender of premises to lessors and acceptance by them, the burden of proof is upon lessees to sustain the allegations of the answer, and they are entitled to the opening of the testimony.

3. **Same—Termination of Lease—Acceptance of Surrender—Agency.**

   The delivery of keys of leased premises to a janitor, by lessees, upon their removal from the premises, and acceptance of keys by janitor, who was not shown to have had authority to terminate leases, or otherwise to bind lessors by his acts in the premises, does not establish a surrender of possession and acceptance thereof by lessors.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Moody County. Hon. JOSEPH W. JONES, Judge.

Action by the John B. Webster Company and another against S. M. Grossman and others, for recovery of rents of leased premises. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Affirmed.

*Aikens & Judge*, for Appellants.

As to the requested instructions, we insist that appellants, under the undisputed facts, were entitled to have them given and even had the facts been disputed they were as much entitled to them.

The keys were demanded by and given to respondents' employe, the same person from whom they were received; the employe who received the keys was in no wise the employe of the rental agents; the rooms were left unlocked and open all the time after June 16th, 1910, and the rooms were used by some one besides appellants and without their consent for a store room from June until and including December, 1910.

*Ira F. Blewitt,* for Respondents.

Because of the claim that the janitor had charge of the building, a claim which was made all the way through by the defendant, it became necessary to show who possessed the real authority to lease the building. That a janitor, who was not employed by the owners of the building, and was never shown to have had any authority from any person, to make or terminate leases, had authority to terminate this particular lease, is untenable.

"A surrender must be made to the lessor," also, "A mere retention of keys delivered to the landlord by mail or otherwise, does not show an acceptance of a surrender." Vol. 24 C. Y. C., page 1377; Arras v. Richison, 5 N. Y. Supplement 775; Vol. 24, C. Y. C., page 1373.

No evidence has been offered showing that the negro janitor possessed any other authority than that of sweeping the rooms and hall.

McCOY, J. [1, 2] Plaintiffs brought suit to recover certain rents for certain months under a certain lease. Defendants answered admitting the lease and the non-payments of said rents for said months. As an affirmative defense, defendants alleged that, at the request and upon demand of plaintiffs, they delivered the keys of said premises to plaintiffs and surrendered to plaintiffs the possession of said premises; that plaintiffs, as to these defendants, have had sole and exclusive possession of said premises and have used the same either by themselves or tenants and have derived the revenue therefrom, and received the benefit thereof. Under these pleadings, plaintiff was not required to introduce any testimony at all in order to make out a prima facie case, and defendants should have had the opening of the testimony; but plaintiffs, over the objections of defendants, were permitted to introduce much testimony tending to show the authority of certain alleged agents of plaintiffs to make and enter into said lease.

The rulings of the trial court in permitting the reception of this testimony are now assigned as error. We hold that such rulings of the court were not prejudicial to defendants, under section 1, c. 178, Laws of 1913. The burden of proof was on defendants to establish the allegations of their answer.

[3] The strongest possible legal effect that can be given to defendant's testimony is that they at the time it is claimed they surrendered possession to plaintiffs, moved from said premises and delivered the keys to the janitor from whom they received them; that the janitor was in the habit of receiving keys from tenants who were moving from the premises of plaintiffs. There is no evidence that plaintiffs had any knowledge of such removal or consented thereto, or that plaintiffs ever occupied or received any benefits or revenues from said premises during the months in question, other than that some small amount of certain fixtures from some other premises were placed in the premises in question by said janitor after defendants removed therefrom. There is no testimony of any character tending to show that said janitor had any authority to terminate such leases on behalf of plaintiff, or any authority to bind plaintiffs by his acts in the premises. We are of the view that the testimony offered by defendants wholly failed to establish any defense whatsoever to the admitted cause of action. Some exceptions were made to the instruction of the court. For the same reason, we are of the view that, if erroneous, such instruction could by no possibility have been prejudicial to defendants. Not having shown any defense to plaintiff's conceded cause of action, defendants were not in a position to be prejudiced by such rulings or instructions of the court.

The judgment and order appealed from are affirmed.